UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 11-3814 DSF (JCx) | Date | 5/13/11 |
|---|---|---|---|
| Title | Arevhat Ughuri v. Capital One Bank (USA), N.A. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to the Superior Court of California, County of Los Angeles

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

Plaintiff filed this action in a California small claims court. (Notice of Removal Ex. A.) Although Plaintiff's compliant does not state what law creates her claim, she contends that Defendant "maintains an inaccurate account under [Plaintiff's] name," and that she is entitled to $400 due to Defendant's "inaccurate reporting." (Id. at 2.)

Defendant removed this action pursuant to 28 U.S.C. § 1331, otherwise known as federal question jurisdiction. "A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks omitted). Although Plaintiff has not explicitly alleged a claim created by a federal law, Defendant argues her claim is preempted by the Fair Credit Reporting Act, which generally preempts actions regarding

**MEMORANDUM**

JS 6

the furnishing of information to consumer reporting agencies. See 15 U.S.C. §§ 1681h(e), 1681t(b)(1)(F)

The Court finds Defendant has failed to meet its burden of establishing jurisdiction for two reasons. First, it is not clear on the face of Plaintiff's complaint, or in Defendant's Notice of Removal, that Plaintiff's complaint relates to a report to a consumer reporting agency. Second, there is an exception to the Fair Credit Reporting Act's general rule for actions brought under Section 1785.25(a) of the California Civil Code. See 15 U.S.C. § 1681t(b)(1)(F)(ii). Section 1785.25(a) of the California Civil Code states that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Even if Plaintiff is complaining of Defendant's alleged reporting of information to a consumer reporting agency, her allegations could be construed as stating a Section 1785.25(a) claim.

For these reasons, the Court REMANDS the case to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.